**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**GRAND RIVER ENTERPRISES SIX
NATIONS, LTD., and HEBER SPRINGS
WHOLESALE GROCERY, INC.**                         **PLAINTIFFS**

           v.             Civil No. 05-5051

**MIKE BEEBE, in his official
capacity as Attorney General,
State of Arkansas**                                                 **DEFENDANT**

**O R D E R**

Now on this 14th day of March, 2006, comes on for consideration **Plaintiffs' Motion For Preliminary Injunction** (document #2), and from said motion, the response thereto, and other matters that have transpired in this case, the Court finds and orders as follows:

1. Plaintiffs seek to enjoin enforcement of an Arkansas statute, **A.C.A. §26-57-261**, referred to herein as the Allocable Share Amendment or the Amendment. The Court dismissed all of plaintiffs' claims except their claim that retroactive application of the Amendment to escrow deposits made by plaintiff Grand River Enterprises Six Nations, Ltd. ("Grand River") for 2004 violates substantive and procedural due process.

2. Plaintiffs moved for a preliminary injunction concurrently with filing their Complaint. Shortly thereafter, they entered into an Agreed Order with the defendant (document #6), which called for Grand River to deposit into escrow "an amount of money that equals the net amount that would have been

retained in escrow for sales that occurred in 2004 if Act 384 of 2005 had not been enacted into law." Defendant further agreed "that it will not remove brands manufactured by Grand River from the Approved for Sale Tobacco Directory in Arkansas for failure to deposit the escrow obligation due on April 15, 2005, so long as Grand River complies with the provisions of this Agreed Order, or until further order of the Court."

    3. These provisions amount to an agreement to maintain the status quo regarding escrow deposits for 2004, which are the subject of the retroactivity claims which remain viable in this case. Given this Agreed Order, the Court finds that there is no need to make a preliminary determination about whether it should enjoin retroactive application of the Allocable Share Amendment. **Plaintiffs' Motion For Preliminary Injunction** (document #2) is, therefore, **denied** as moot. The Agreed Order will remain in effect until a plenary hearing on the issue of retroactive application of the Amendment.

    **IT IS SO ORDERED.**

                                                   /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**