**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**GRAND RIVER ENTERPRISES SIX
NATIONS, LTD., and HEBER SPRINGS
WHOLESALE GROCERY, INC.**                         **PLAINTIFFS**

       v.       Civil No. 05-5051

**MIKE BEEBE, in his official
capacity as Attorney General,
State of Arkansas**                                 **DEFENDANT**

### O R D E R

Now on this 3d day of May, 2006, comes on for consideration the **Motion Of Plaintiffs For Preliminary Injunction Against Delisting Or Declaring Grand River's Products Contraband Pending Resolution Of The Application Of Grand River To Join The Master Settlement Agreement** (document #48), and from said motion, and the response thereto, the Court finds and orders as follows:

1. This case was begun in an attempt to enjoin enforcement of an Arkansas statute, **A.C.A. §26-57-261**, referred to herein as the Allocable Share Amendment, which establishes a formula for escrow deposits required of tobacco product manufacturers who sell their products in Arkansas, and who have not joined the Master Settlement Agreement (which memorializes the terms of settlement of tobacco litigation by most of the states and the four major tobacco product manufacturers).

The Court dismissed all of plaintiffs' claims except their claim that retroactive application of the Allocable Share

Amendment to escrow deposits made by plaintiff Grand River Enterprises Six Nations, Ltd. ("Grand River") for 2004 violates substantive and procedural due process. The Court then found that plaintiffs' motion for a preliminary injunction as to the retroactivity claims was moot, because the parties had entered into an Agreed Order pursuant to which Grand River agreed to make a specified escrow deposit based on its 2004 sales, and defendant agreed not to remove Grand River's brands from the Approved for Sale Tobacco Directory in Arkansas for failure to make the full escrow deposit called for under the Allocable Share Amendment for the 2004 sales.

2. Plaintiffs now move once again for preliminary injunctive relief, asserting that they have made application to join the Master Settlement Agreement, but have not yet been allowed to do so, and that the State of Arkansas threatens to delist Grand River's products if it does not make - by May 4, 2006 - the escrow payment required by the Allocable Share Amendment that fell due on April 17, 2006. Grand River does not want to make the escrow payment because it expects to become a participant in the Master Settlement Agreement.

3. Defendant objects to the pending motion on a variety of grounds. First, he contends that exclusive jurisdiction lies in the Circuit Court of Pulaski County, Arkansas, for the kind of challenge plaintiffs assert. Next, he contends that proceedings

in the United States District Court for the Southern District of New York have no binding effect on the parties or the proceedings before this Court.  Third, he points out that if plaintiffs had desired to immediately appeal this Court's order dismissing their claims regarding prospective application of the Allocable Share Amendment, they could have moved under **F.R.C.P. 54(b)** for the entry of final judgment as to those claims.  Finally, he contends that plaintiffs cannot satisfy the requirements of **Dataphase Systems, Inc. v. C L Systems, Inc.**, **640 F.2d 109 (8th Cir. 1981)** with regard to the preliminary injunctive relief herein sought.

    4.   The Court turns first to defendant's jurisdictional argument, as it is appropriate to take up such arguments first. That argument proves dispositive.

    Under Arkansas law, defendant, the Attorney General of the State of Arkansas is the State official charged with promulgating a list of tobacco product manufacturers who have complied with the Allocable Share Amendment, and with delisting those that have failed to comply, so that only compliant manufacturers can market their products here.  **A.C.A. §26-57-1303(b)(1)(A)**.  Plaintiffs' submissions make it clear that Grand River is not in compliance, and that defendant intends, as of May 4, 2006, to delist it. Pursuant to another Arkansas statute, the Arkansas Attorney General's delisting determinations are "subject to review by the filing of a civil action for prospective declaratory or injunctive

relief," but exclusive jurisdiction for such actions is in the Pulaski County Circuit Court. **A.C.A. §26-57-1307.**

Defendant suggests that this Court "should recognized this exclusive grant of jurisdiction," but does not explain why. Two reasons immediately suggest themselves, which the Court will examine in turn.

5. The Court first considers whether the exclusive nature of the provision, by its terms, prevents the exercise of pendent jurisdiction over the dispute which is the basis of the pending motion, and concludes that it does not. The decision of a state legislature to place exclusive jurisdiction of a particular type of case in a particular state court "does not act as a restriction or abrogation of a federal court's diversity jurisdiction over such claims." **Greyhound Lines, Inc. v. Lexington State Bank and Trust Co., 604 F.2d 1151 (8th Cir. 1979).** The same reasoning would apply to pendent jurisdiction. "Federal jurisdiction cannot be defeated by a state statute which prescribes the court in which the action is to be brought." **Akin v. Louisiana National Bank of Baton Rouge, 322 F.2d 749 (5th Cir. 1963).**

6. The Court next considers whether assertion of the "exclusive jurisdiction" statute calls into play the principles of Eleventh Amendment immunity, and concludes that it does.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in

law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . ."

Exceptions exist, of course, one of the most important being the doctrine enunciated in **Ex parte Young**, **209 U.S. 123 (1908)**, admitting of suits in federal courts against state officials for prospective injunctive relief to ensure the enforcement of federal law. The Eleventh Amendment was, thus, not available as a defense to the Court's consideration of plaintiffs' federal constitutional and statutory claims for injunctive relief against enforcement of the Allocable Share Amendment.

The motion now under consideration raises a different issue. It asserts that defendant should be enjoined from putting into effect the enforcement provisions of an Arkansas statute not because it would violate federal constitutional or statutory law, but because Grand River has chosen not to comply with that statute. Plaintiffs contend that, pending the anticipated approval of their application to join the Master Settlement Agreement, the Attorney General should not be allowed to enforce the delisting provisions of **A.C.A. §26-57-1303**.

The Court believes the Eleventh Amendment requires it to accede to the grant of exclusive jurisdiction found in **A.C.A. §26-57-1307** on this type of claim. While the Eleventh Amendment, where it applies, does not automatically deprive the Court of jurisdiction over a State, it "grants the State a legal power to

assert a sovereign immunity defense should it choose to do so." **Wisconsin Department of Corrections v. Schacht**, **524 U.S. 381 (1998).** This defense can be waived, but the test for waiver is a stringent one:

> An effective waiver of sovereign immunity requires an intentional relinquishment or abandonment of a known right or privilege. In assessing whether there has been a knowing waiver of sovereign immunity, courts must indulge every reasonable presumption against waiver of fundamental constitutional rights.

**Doe v. Nebraska**, **345 F.3d 595 (8th Cir. 2003)**(internal citations and quotation marks omitted).

A waiver will be found in only two instances: where the State voluntarily invokes the jurisdiction of the federal court, or where the State makes a clear declaration that it intends to submit to the jurisdiction of the federal court. **College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board**, **527 U.S. 666 (1999).** The first of these circumstances does not exist in this case, as defendant neither filed nor removed the matter, and raised the issue now under consideration at the earliest moment that it was applicable. The second situation is effectively negated by the language of **A.C.A. §26-57-1307.** By statutorily placing exclusive jurisdiction in the Circuit Court of Pulaski County, Arkansas, for challenges to a delisting decision, the State of Arkansas has clearly expressed that it does *not* consent to suit in federal court for this type of claim.

For the foregoing reasons, the Court finds that defendant has not waived its Eleventh Amendment immunity.

In the absence of waiver, the Court finds that the Eleventh Amendment bars it from resolving the dispute underlying plaintiffs' request for preliminary injunctive relief. As stated in **Worcester County Trust Co. v. Riley**, **302 U.S. 292 (1937)**, "[s]ince the proposed action is the performance of a duty imposed by the statute of the state upon state officials through whom alone the state can act, restraint of their action, which the bill of complaint prays, is restraint of state action, and the suit is in substance one against the state which the Eleventh Amendment forbids."

**IT IS THEREFORE ORDERED** that the **Motion Of Plaintiffs For Preliminary Injunction Against Delisting Or Declaring Grand River's Products Contraband Pending Resolution Of The Application Of Grand River To Join The Master Settlement Agreement** (document #48) is **denied.**

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**