**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

GRAND RIVER ENTERPRISES SIX
NATIONS, LTD., and HEBER SPRINGS
WHOLESALE GROCERY, INC.                                         PLAINTIFFS

        v.        Civil No. 05-5051

MIKE BEEBE, in his official
capacity as Attorney General,
State of Arkansas                                                DEFENDANT

## O R D E R

Now on this 10th day of October, 2006, comes on for consideration plaintiff's **Motion For Rule 54(b) Certification Of March 14, 2006 Order Denying Plaintiffs' Motion For Preliminary Injunction** (document #60), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiffs filed this suit to enjoin enforcement of an Arkansas statute, **A.C.A. §26-57-261**, which governs escrow deposits by certain tobacco manufacturers. On March 6, 2006, the Court dismissed all their claims except the claim that retroactive application of the statute to escrow deposits for 2004 violates substantive and procedural due process.

2. On March 14, 2006, the Court denied a motion for preliminary injunctive relief which dealt with the 2004 escrow deposits, on the basis of an Agreed Order in which the parties agreed that the status quo with regard to those deposits would remain in effect "until further order of the Court." The Court

found that, "[g]iven this Agreed Order, . . . there is no need to make a preliminary determination about whether it should enjoin retroactive application of the Allocable Share Amendment."

Plaintiffs appealed the March 14 Order.

3. In April, plaintiffs moved the Court to enter another preliminary injunction, this time asking that they not be required to make an escrow payment falling due on April 17, 2006. That motion was denied by Order dated May 3, 2006, because the Court lacked jurisdiction to enter it, pursuant to an Arkansas statute placing exclusive jurisdiction for such relief in the Circuit Court of Pulaski County, Arkansas.

Plaintiffs appealed the May 3 Order.

4. Plaintiffs now move the Court to amend the March 14 and May 3 Orders to include a determination pursuant to **F.R.C.P. 54(b)**, by including a paragraph stating as follows: "This Court determines that there is no just reason for delay and it directs the Clerk to enter judgment based on this *Order*." The basis for this request is that the first appeal (of the March 14 Order) has apparently been dismissed for lack of an appealable order, and plaintiffs fear that the second appeal (of the May 3 Order) will meet the same fate.

5. As plaintiffs point out, the purpose of **Rule 54(b)** is to "provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." **Orion**

**Financial Corp. of South Dakota v. American Foods Group**, 201 F.3d 1047, 1049 (8th Cir. 2000).

Defendant objects that denial of a motion for a preliminary injunction can never result in **Rule 54(b)** certification, because that rule applies only to final judgments, citing **Wright, Miller & Kane**, Federal Practice And Procedure: Civil 3d, §2658.1. As noted in that treatise, **Rule 54(b)** allows a district court to direct the entry of final judgments, but does not allow it to determine that a preliminary judgment is nonetheless "final" for purposes of certification. The need for immediate appeal of certain interlocutory orders is, instead, addressed by **28 U.S.C. §1292**.

6. With the foregoing in mind, the Court finds that the motion should be granted as to the May 3 Order, but denied as to the March 14 Order. That is because the May 3 Order, although addressing a request for a preliminary injunction and thus appearing to be a decision "preliminary" in nature, actually made a final determination that the Court lacks jurisdiction over certain issues because of the existence of an Arkansas statute. The March 14 Order, however, is not in that category.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Rule 54(b) Certification Of March 14, 2006 Order Denying Plaintiffs' Motion For Preliminary Injunction** (document #60) is **granted in part and denied in part.**

The motion is **denied** insofar as it asks the Court to amend its Order dated March 14, 2006.

The motion is **granted** insofar as it asks the Court to amend its Order dated May 3, 2006, and an Amended And Substituted Order will be entered concurrently herewith.

**IT IS SO ORDERED.**

                                       **/s/ Jimm Larry Hendren**
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**